## S. H. PEARCY v. J. W. HEATH.

[Abstract Kentucky Law Reporter, Vol. 1—407.]

Landlord and Tenant.

> Where the term of a lease is for a long period the mere fact that the lessee may terminate it sooner does not make him a tenant at will or by sufferance.

### APPEAL FROM PULASKI CIRCUIT COURT.

November 12, 1880.

OPINION BY JUDGE PRYOR:

Under the lease the appellant held for an indefinite period, and no action on the part of the appellee could evict him without his consent. The lease, it is true, might be cancelled for sufficient reasons, or subjected to the payment of the annual rental, but the right to enter on the part of the appellee could not be exercised without the authority of the appellant or that of the chancellor. This action of trespass having been transferred to a court of equity by consent we should treat it as tried by a jury, and would affirm the judgment but for the fact that the entry is admitted and the petition dismissed on the ground that the act of subletting the warehouse was a forfeiture of the lease.

The judgment could not have gone for the appellee on any other hypothesis. Sec. 2, Art. 1, Chap. 66, General Statutes, does not apply in this case. The term is for longer than two years, and the mere fact that the lessee may terminate it sooner does not make him a tenant at will or by sufferance. He consults his own will and not that of his landlord, but as against him may hold it as long as he pleases unless there is some reason for canceling it, and this does not appear in the record.

Judgment *reversed* and cause remanded for further proceedings.

*Curd & Waddle, for appellant.*

*Morrow & Newell, for appellee.*